**SO ORDERED.**

**SIGNED this 14 day of June, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **ROBERT DENNIS SHOAF and PAULETTE KAY SHOAF,** | **CASE NO. 11-04057-8-JRL** |
| | **CHAPTER 11** |
| DEBTORS. | |
| **ROBERT DENNIS SHOAF and PAULETTE KAY SHOAF,** | |
| PLAINTIFFS, | **ADVERSARY PROCEEDING NO. 11-00383-8-JRL** |
| v. | |
| **FISHEL-ALLEN INVESTMENTS, LLC,** | |
| DEFENDANT. | |

**ORDER**

This matter came before the court on the parties' cross motions for summary judgment. A hearing was held in Raleigh, North Carolina on June 5, 2012. Counsel agreed in their Joint Preconference Report filed February 2, 2012, that this matter is a core proceeding under 28 U.S.C. § 157(b).

The debtors and the defendant, Fishel-Allen Investments, LLC, signed an Offer to

Purchase and Contract on December 13, 2010. On May 26, 2011, the debtors filed a voluntary petition for relief under chapter 11. The debtors filed the complaint that initiated this adversary proceeding on December 12, 2011, and the defendant filed its answer on January 11, 2012. On March 10, 2012, the defendant filed its motion for summary judgment, and the debtors filed their response and cross-motion for summary judgment on March 30, 2012. The defendant filed its response to the debtor's cross motion for summary judgment on April 29, 2012.

## FACTS

The debtors and the defendant executed three documents on December 13, 2010: the Offer to Purchase and Contract, the New Construction Addendum, and the Building Deposit Addendum to Offer to Purchase and Contract. The first of these documents provides for the debtor's purchase of real property located at 6020 Valencia Court in Raleigh, North Carolina; the second and third add a building deposit.

The Offer to Purchase and Contract is a standard form agreement that the parties modified by filling in blanks. Robert Shoaf Dep., Ex. A. The document states that the purchase price of $930,000 is to be paid by $880,000 in cash at the closing, and makes the typed insertion "See New Construction Addendum" in the "EARNEST MONEY DEPOSIT" blank. The document also contains the handwritten annotation "Non-Refundable Builder Deposit" on its last page that is initialed by only the seller's representatives. The document is initialed by both the seller's representatives and the buyers on every page except for the signature page (which is signed by both parties) and the last page, which contains the handwritten annotation.

The debtors agreed to make two payments–$11,000 by check, and $39,000 by promissory note in favor of Fishel-Allen Investments, LLC–that would constitute a building deposit on the

Valencia Court property.  The New Construction Addendum set out the payment for $11,000, and the Building Deposit Addendum to Offer to Purchase and Contract modified the New Construction Addendum to also include a payment for $39,000.

The New Construction Addendum is a standard form agreement that adds provisions to the Offer to Purchase and Contract between the debtor and the defendant.  Robert Shoaf Dep., Ex. C.  Paragraph 4(b) states that the debtor agrees to make a payment of $11,000 toward the purchase price of the property as a building deposit  It goes on to state that the building deposit is not part of the earnest monies, but is, instead, to be used by the seller to build the house.  It, further, specifies that the deposit "shall be refundable only in the event of a material breach of the Contract by Seller, the nonfulfillment of any of the conditions set forth in paragraphs 6 or 7 of the [Offer to Purchase and Contract], or if the [Offer to Purchase and Contract] is terminated under paragraph 21."  Robert Shoaf Dep., Ex. B.

Paragraphs 6, 7, and 21 set out conditions to the Offer to Purchase and Sale.  The conditions contained in paragraphs 6 and 21 address flood disclosures and casualty losses, and those contained in paragraph 7 address the condition of the property and its value at closing.

Two of the conditions in paragraph 7, conditions 7(a) and 7(c), contain blanks, and the paragraph contains a parenthetical in its heading that states "State N/A in each blank that is not a condition to this contract."  Only condition 7(c) has a blank that has had an "N/A" inserted.  This condition is broken into two clauses.  The first clause states that the property must appraise for at least as much as the purchase price: "The property must appraise at a value equal to or exceeding the purchase price or, at the option of Buyer, this contract may be terminated and all earnest monies shall be refunded to Buyer, even if the Loan Condition has been waived as

provided in paragraph 5." The second clause adds a condition: "If this contract is NOT subject to a financing contingency requiring an appraisal, Buyer shall arrange to have the appraisal completed on or before [blank with "N/A" inserted]."

The Building Deposit Addendum To Offer to Purchase and Contract states that the buyers agree to make an additional advance payment of $39,000 to the seller as part of the Building Deposit defined in Section 4(b) of the New Construction Addendum. Robert Shoaf Dep., Ex. B. It goes on to specify that the payment was to be made "on or before the close of 1319 Bridford Parkway, Greensboro, NC."

1319 Bridford Parkway is commercial property that the debtors owned and planned to sell, though the closing never happened. The debtors executed a promissory note in the amount of $39,000 in favor of the defendant on December 20, 2010; it was secured by a deed of trust on the Bridford Parkway property that was executed that same day. Robert Shoaf Dep., Ex. 6. The promissory note states that it is "given as non-refundable deposit" on the Valencia Court property.

The debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on May 26, 2011. Shortly thereafter, they obtained an appraisal of the Valencia Court property that valued the property at $875,000, a value less than the purchase price of $930,000. The debtors contend, because of this below-purchase-price appraisal, condition 7(c) entitles them to a refund of the building deposit–the return of the $11,000 and the cancellation of the promissory note for $39,000.

## DISCUSSION

Summary judgment is proper where the pleadings and evidence show that there is "no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett ex rel. Estate of Catrett, 477 U.S. 317, 322 (1986). As well, the court must construe the facts in the light most favorable to the non-moving party. State Auto Prop. & Cas. Ins. Co.v. Travelers Indem. Co., 343 F.3d 249, 254 (4th Cir. 2003).

In North Carolina, "an interpretation which gives a *reasonable meaning* to all provisions of a contract will be preferred to one which leaves a portion of the writing useless or superfluous." Int'l Paper Co. v. Corporex Constructors, Inc., 385 S.E.2d 553, 556 (N.C. Ct. App. 1989) (emphasis supplied); accord Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 277 (4th Cir. 1987). As well, "interpreting a contract requires the court to examine the language of the contract itself for indications of the parties' intent at the moment of execution." State v. Philip Morris USA, Inc., 618 S.E.2d 219, 225 (N.C. 2005). This intent is derived from examining the contract as a whole. Id.

Paragraph 4(b) of the New Construction Addendum establishes the building deposit and lists the circumstances in which it will be refunded to the buyers. Those circumstances are limited to a material breach by the seller, the failure to fulfill any condition in paragraphs 6 or 7, or termination under paragraph 21 of the Offer to Purchase and Contract. Thus, paragraph 4(b) incorporates those paragraphs as agreed in the Offer to Purchase and Contract. See Booker v. Everhart, 240 S.E.2d 360, 363 (N.C. 1978) ("To incorporate a separate document by reference is to declare that the former document shall be taken as part of the document in which the declaration is made, as much as if it were set out at length therein.").

Condition 7(c) is not part of the Offer to Purchase and Contract and is, therefore, not part of paragraph 4(b) of the New Construction Addendum. Two of the conditions in paragraph 7,

conditions 7(a) and 7(c), permit the parties to modify their terms by filling in blanks. The whole paragraph is preceded by a parenthetical that reads "State N/A in each blank that is not a condition to this contract." The blank in condition 7(c) appears after its second clause, and the parties inserted "N/A" into that blank. In the context of the contract as a whole, because the parties inserted "N/A" into the blank at the end of condition 7(c), the condition simply disappears from the contract.

      The debtors are not entitled to the return of the $11,000 and the cancellation of the $39,000 promissory note. The condition contained in the paragraph 4(b) gives an exhaustive list of circumstances giving rise to a refund of the building deposit, including the conditions contained in paragraph 7 of the Offer to Purchase and Contract. Because the parties inserted "N/A" into the blank accompanying the condition contained in paragraph 7(c) of the Offer to Purchase and Contract, they excised that entire condition according to the parenthetical language in paragraph 7. Because the condition contained in paragraph 7(c) is not part of the Offer to Purchase and Contract, that condition was not incorporated into paragraph 4(b) of the New Construction Addendum, which governs both the cash and the promissory note aspects of the building deposit. Thus, the below-purchase-price appraisal obtained by the debtors after their bankruptcy filing is not recognized by the Offer to Purchase and Contract, and, therefore, condition 7(c) does not entitle the debtors to a refund of the building deposit.

## CONCLUSION

      Based on the foregoing, the defendant's motion for summary judgment is **GRANTED**, and the debtor's cross motion for summary judgment is **DENIED**.

**END OF DOCUMENT**